UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SANYANI EDWARDS,

    Defendant.
_____/

Case No. 17-20350

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

On July 20, 2013, a jury convicted Defendant Sanyani Edwards of Health Care Fraud Conspiracy (Count 1), Conspiracy to Distribute Controlled Substances (Count 11), and Conspiracy to Pay/Receive Healthcare Kickbacks (Count 21). *United States of America v. Patel, et al.*, No. 11-20468-23, (E.D. Mich. 2013). Defendant was scheduled to appear for sentencing on December 6, 2013. Defendant failed to appear for sentencing and the Court issued an arrest warrant on December 9, 2013. *Id.* at [Dkt. #1065].

Defendant was arrested on November 3, 2015. The arrest warrant was returned on November 9, 2015. *Id.* at [Dkt. #1497]. Defendant was detained prior to sentencing.

On March 4, 2016, the Court held a Sentencing Hearing. At the Sentencing Hearing, the following testimony was given:

**MR. NEAL:** Mr. Edwards did another obstructive act which was to flee in advance of his sentencing. In fact, he cut the tether off of his leg the day of sentencing and fled without any warning to his counsel or to the courts.

**THE COURT:** Isn't that a felony?

**MR. NEAL:** It is, your Honor.

**THE COURT:** You can charge him?

**MR. NEAL:** This is true, your Honor.

**THE COURT:** It would be automatic time consecutive?

**MR. NEAL:** This is absolutely true. I would just note that the guidelines do have a provision under Section 3C1.1 concerning obstructive conduct where they note that as an example of obstructive conduct the guidelines note that escaping or attempting to escape before custody or from custody before trial or sentencing or willfully failing to appear as ordered for a judicial proceeding. The Government would simply submit Mr. Edwards did that here and I think the Court, in the interest of judicial economy, should --

**THE COURT:** Don't -- please don't make that argument. We are talking about a man's life and it may only be one month or one year and so on and I'm supposed to save the court's time by sending him to prison for a longer period of time without making you convince the jury beyond a reasonable doubt? That's --

**MR. NEAL:** Judge, the Court can make the finding by a preponderance of the evidence. The facts are fairly clear. He did not show up for sentencing. He was not present. He was on the lam for two years living under an assumed name.

**THE COURT:** I hope he enjoyed it because he is not going to be -- you are not going to get your wish getting probation or time served, Mr. Edwards. If they want to enhance your sentence for your escaping or fleeing, Congress has set a law that makes it a crime and they can charge you with violating that.

Sent'g Hr'g Tr. at 20-21 (Mar. 4, 2016).

On March 22, 2016, the Court sentenced Defendant to 65 months on Count 1, five years on Count 11, and five years on Count 21, all concurrent to one another. *Patel, et al.*, No. 11-20468-23, at [Dkt. #1544]. Since the date of his arrest, Defendant has been serving his sentence at the Milan Federal Detention Center.[1]

On May 23, 2017, the Government filed an Indictment [1] charging Defendant with 18 U.S.C. § 3143 Failure to Appear at his initial sentencing hearing scheduled for December 6, 2013.

On June 29, 2017, Defendant filed a Motion to Dismiss Indictment [8].[2] The Government filed a Response [11] on August 3, 2017.

## ANALYSIS

Defendant argues that the Court should dismiss the indictment pursuant to 18 U.S.C. § 3161(b) and Federal Rule of Criminal Procedure 48(b)(3) because the delay in filing the indictment violates his right to a speedy trial. Defendant challenges the length of the delay between his arrest on November 3, 2015 and the filing of the Indictment on May 23, 2017, a period of approximately 19 months.

---

[1] Defendant also received credit for time served.
[2] Although Defendant is represented by counsel, he filed this Motion *pro se*.

Pursuant to Fed. R. Crim. P. 48(3)(b), "the court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting the charge to the grand jury; (2) filing an information against a defendant; or (3) bringing the defendant to trial."

## I. Speedy Trial Act

According to 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." "A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending, that is, when a formal complaint or charge is issued." *United States v. Salgado*, 250 F.3d 438, 454 (6th Cir. 2001).

In this case, although Defendant was apprehended by law enforcement on November 3, 2015, he was not "arrested" for purposes of § 3161(b) until the Government filed the Indictment on May 23, 2017. ". . . [B]ecause no complaint was ever filed against [Defendant], there [can] be no 'arrest' for purposes of beginning the 30-day pre-indictment clock." *United States v. Graef*, 31 F.3d 362, 364 (6th Cir. 1994). Accordingly, Defendant's argument that the Government had thirty days from November 3, 2015 to file an indictment is without merit.

## II. Due Process Clause

The Due Process Clause of the Fifth Amendment protects against oppressive delay in filing an indictment. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). The Government correctly argues that it had five years within which to file the indictment, citing the limitations period set forth in 18 U.S.C. § 3282. But, ". . . the statute of limitations does not fully define [a person's] rights with respect to the events occurring prior to the indictment." *United States v. Marion*, 404 U.S. 307, 324 (1971).

When analyzing a due process inquiry, courts should examine the reasons for the delay and the prejudice to the defendant. *Lovasco*, 431 U.S. at 790. "Dismissal for pre-indictment delay is warranted only when the defendant shows (1) substantial prejudice to his right to a fair trial and (2) that the delay was an intentional device by the government to gain tactical advantage." *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992).

Defendant mistakenly cites the factors in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) in support of his argument for relief.[3] Because Defendant moves for

---

[3] Defendant further cites *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002) for the proposition that "the Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until trial commences." However, at issue in *Sprouts* was the delay between the defendant's arrest and his trial; at issue here is the delay between Defendant's arrest and the filing of the Indictment.

dismissal based on a pre-indictment delay, the Court analyzes Defendant's arguments under the standard set forth in *Brown* as opposed to *Barker*.[4]

### A. Substantial prejudice

To establish a due process violation, ". . . the defendant must show that the delay caused him *actual* prejudice in presenting his defense." *Schaffer*, 586 F.3d at 425 (internal quotation marks omitted).

Defendant has been incarcerated at the Milan Federal Detention Center since November 3, 2015. Defendant argues that because the Government detained him at Milan pending the charges in this Indictment, he has "resided in detention settings that are significantly more oppressive than any setting where he would be designated by the BOP." [Dkt. #8 at 11]. Defendant maintains that Milan has more restrictive visitation policies, which prevent him from visitation with his family and friends. *Id.* Moreover, Defendant submits that despite good behavior, he "will never be rewarded with the opportunity for community rehabilitation [at Milan until] he is officially designated" to a federal correctional institution. *Id.* at 12.

Defendant further argues that being "taunted with the threat of a felony charge after an arrest and being incarcerated for 20 months" are tremendously anxiety inducing and rises to the level of substantial prejudice. *Id.* at 13.

---

[4] The Sixth Circuit has refused to apply the presumption of prejudice set forth in *Doggett v. United States*, 505 U.S. 647 (1992) to pre-indictment delay challenges. *See, e.g.*, *United States v. Vaughn*, 444 Fed. App'x 875, 880 (6th Cir. 2011); *United States v. Schaffer*, 586 F.3d 414, 425 (6th Cir. 2009).

Lastly, Defendant maintains that his ability to present a defense has been impaired because of the delay. *Id.* at 14. Defendant seems to suggest that his defense in this case would concern his state of mental health. Defendant submits that he suffers from an "adjustment disorder," beginning in August 2011, and continuing to the present. *Id.*

In its Response [11], the Government fails to address any of Defendant's arguments.[5] Instead, it cites *United States v. Lively*, 852 F.3d 539, 566 (6th Cir. 2017) for the proposition that a defendant is required to show actual and substantial prejudice to establish a due process violation, and concludes that Defendant "puts forth no concrete evidence of prejudice resulting from pre-indictment delay." [Dkt. #11 at 6].

Although Defendant's confinement at Milan may be oppressive, the Court nevertheless holds that Defendant's claims do not rise to the level of *actual* prejudice required for dismissal of the Indictment. *See Vaughn*, 444 Fed. App'x at 880 ("[t]he standard for pre-indictment delay is nearly insurmountable, especially because proof of actual prejudice is always speculative.") (internal quotation marks

---

[5] However, in an email from AUSA Wayne F. Pratt to the Court on September 22, 2017, Mr. Pratt explained that Defendant was detained at Milan instead of a Federal Correctional Institution because of a second health care fraud case pending before the Honorable Stephen J. Murphy, *United States v. Edwards, et al.*, No. 12-20268 (E.D. Mich. 2012). On February 21, 2017 the Court dismissed the indictment in that case. Mr. Pratt submits "at [that] time, not any earlier, the BOP should have begun the process of designating Sanyani Edwards for service of his 65 month federal sentence."

omitted). Defendant has failed to meet his burden of demonstrating that the delay will affect the outcome at trial. *See United States v. Rogers*, 118 F.3d 466, 475-76 (6th Cir. 1997). A real possibility of prejudice inherent in an extended delay, alone, is insufficient to justify dismissal of the indictment. *Marion*, 404 U.S. at 326.

### B. Intentional device to gain tactical advantage

"A defendant's due process rights are generally not implicated where the government offers a valid reason for the delay." *United States v. Beigali*, 405 Fed. App'x 7 at *14 (6th Cir. 2010). The defendant bears the burden of demonstrating that the delay was an intentional device to gain a tactical advantage in prosecution. *Schaffer*, 586 F.3d at 425-26.

In this case, the Government has not provided any reason for the 19-month delay between Defendant's arrest and the filing of the Indictment. Based on the testimony at the Sentencing Hearing on March 4, 2016, the Government may have decided to charge Defendant with Failure to Appear as a result of the Court's sentencing ruling. Nonetheless, the Government waited over one year from the imposition of Defendant's sentence to file this Indictment.

Although the Government has not provided a valid reason for the delay, the Court will not presume that ". . . the government acted with an improper motive . . . . [where] there is no indication that the delay was motivated by the Government's bad faith or attempt to gain tactical advantage." *United States v. Brown*, 498 F.3d

523, 530 (6th Cir. 2007) (internal quotation marks omitted). Furthermore, Defendant fails to offer any evidence to meet his burden of showing that the Government's delay was an intentional device to gain a tactical advantage in prosecution. Accordingly, dismissal of the indictment is not warranted.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Dismiss Indictment [8] is **DENIED**.

**SO ORDERED**.

Dated: October 20, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge